IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI | : | Civil Action No. RDB-05-987 |
|    Petitioner | : | |
|        v. | : | |
| U.S. BUREAU OF IMMIGRATION<br>  AND CUSTOMS ENFORCEMENT<br>  (BALTIMORE OFFICE) | :<br><br>: | |
|    Respondent | : | |

oo00oo

## **MEMORANDUM OPINION**

Petitioner Billy G. Asemani filed this 28 U.S.C. § 2241 *pro se* petition for habeas corpus relief on April 11, 2005, challenging his administratively final order of removal. Petitioner contends that he is not deportable because he is a national of the United States. Respondent, the U.S. Bureau of Immigration and Customs Enforcement, now moves for transfer of the case to the United States Court of Appeals for the Third Circuit based on the recently enacted Real ID Act of 2005, Pub. L. No. 109-13, Div. B, §106(a), (c), 119 Stat. 231 (2005) ("RIDA"). The motion will be granted by separate order.

**I. Factual Background**

Petitioner is a native and citizen of Iran who adjusted his status to that of a lawful permanent resident in 1994. On June 1, 2004, an Immigration Judge at York, Pennsylvania, ordered his removal to Iran based on his conviction in the United States District Court for the Southern District of Mississippi on eleven counts of healthcare fraud, mail fraud and false statements, in violation of 18 U.S.C. §§ 1341, 1347 and 1035. Petitioner did not appeal the decision to the Board of Immigration Appeals. He is presently on release from the Department of Homeland Security, Immigration and Customs Enforcement ("ICE")

custody under an order of supervision.

## II. Analysis

Enacted May 11, 2005, the Real ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 substantially modifies the route aliens must take to obtain judicial review of an order of removal. The new law states: "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."[1] Section 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ...

The Act specifically states that these provisions shall take effect on the date of enactment and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

## III. Conclusion

The instant action was pending in this court on the date of the Act's enactment. Accordingly, this matter will be transferred to the United States Court of Appeals for the Third Circuit. A separate Order reflecting this Memorandum Opinion follows.

/s/
Richard D. Bennett

---

[1] This provision is codified at 8 U.S.C. §1252(a)(5).

United States District Judge

Dated: June 13, 2005